**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**THE WISE COMPANY, INC.**                                                          **PLAINTIFF**

**VS.**                              **NO.  3:04-CV-00401 GTE**

**DIXIE-NARCO, INC.**                                                          **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT**</u>

Pending before the Court are numerous motions, all filed by Defendant Dixie-Narco, Inc.

("Dixie-Narco").  Said motions include: (1) Motion to Substitute Party; (2) Motion to Exclude

Expert Testimony based on spoliation of evidence; (3) Motion for Summary Judgment; (4)

Motion to Exclude Expert Testimony of Jimmy Powell; and (5) Motion to Exclude Expert

Testimony of Roger Owens.  The motions have been fully briefed.  For the reasons stated below,

the Court concludes that the Defendant is entitled to judgment as a matter of law.  Because the

Court grants Dixie-Narco's summary judgment motion, it is unnecessary to address the other

motions.

**FACTS WITHOUT MATERIAL CONTROVERSY**

Plaintiff The Wise Company, Inc. ("Wise") filed this action on December 9, 2004, therein

seeking damages for a fire that destroyed its manufacturing plant located in Rector, Arkansas on

September 6, 2002.  Wise contends that a beverage vending machine manufactured by Dixie-

Narco malfunctioned and caused the fire.  The vending machine was located in the break room

area of the plant.

Police officers on routine patrol discovered the fire at approximately 12:00 a.m. on the

morning of September 6th when they observed flames at the rear of the plant.  The plant was not operational at the time of the fire, but had been closed after its second shift ended at 10:00 p.m.

The fire caused extensive damage to Wise's plant.  As a result, Wise's insurer, Lexington Insurance Company, paid approximately $4,800,000 to Wise for damages resulting from the fire.

Plaintiff initially asserted the legal theories of strict liability, warranty, and negligence to support its claims for money damages.  In responding to the summary judgment motion, however, Plaintiff advises that it will withdraw its negligence and warranty claims and proceed solely on its theory of strict liability.[1]  Accordingly, this Order only addresses the Plaintiff's remaining legal claim of strict liability.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,' that the record

---

[1]  (Docket No. 41, Pl.'s Response to Summary Judgment Motion, at p. 24 of 26).

> does not disclose a genuine dispute on a material fact.  It is enough for the
> movant to bring up the fact that the record does not contain such an issue
> and to identify that part of the record which bears out his assertion.  Once
> this is done, his burden is discharged, and, if the record in fact bears out
> the claim that no genuine dispute exists on any material fact, it is then the
> respondent's burden to set forth affirmative evidence, specific facts,
> showing that there is a genuine dispute on that issue.  If the respondent
> fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th

Cir. 1988) (citations omitted)(brackets in original)).

"A party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of [the record] . . .

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  However, the moving party

is not required to support its motion with affidavits or other similar materials negating the

opponent's claim.  *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute

on a material fact, the non-moving party may not rest upon the mere allegations or denials of his

pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth

specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e).  The

plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving

party which, after adequate time for discovery, fails to make a showing sufficient to establish the

existence of an element essential to its case, and on which that party will bear the burden of proof

at trial.  *Celotex Corp.*, 477 U.S. at 322.

## DISCUSSION

Serious issues exist with regard to the spoliation of evidence as well as the admissibility

of proposed testimony by Plaintiff's experts in this case, electrical engineer Roger Owens and

fire investigator Jimmy Powell.  Dixie-Narco has moved to either dismiss this action or, alternatively, to exclude or strike the testimony of Plaintiffs' fire cause and origin experts based on the spoliation of evidence.  Dixie-Narco has also moved *in limine* to strike the testimony of both experts as unreliable based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993).   If permitted to testify, both will assert that the fire that destroyed Wise's plant started as a result of an electrical fault in a drink vending machine located in the break room area.

The Court need not reach the *Daubert* or the spoliation issues, however.  Even assuming that both of Plaintiff's experts were permitted to testify that an electrical fire in Dixie-Narco's vending machine started the fire, the Plaintiff still cannot prevail on its strict liability theory. Causation is the hurdle.  Plaintiff has failed to come forward with sufficient evidence to demonstrate that it can prevail on its theory that the internal arcing alleged to have caused the fire was the result of a manufacturing defect.

The vending machine in question was manufactured by Dixie Narco, sold new on July 27, 1998 to a distributor, used by at least two other manufacturers prior to Wise, and installed at the Wise plant in early 2002, approximately six to nine  months before the fire.  The condition of the machine was "like new" when delivered to the Wise plant.  It had never been repaired or altered.

Wise contends that if it is accepted by the jury that arcing inside the machine caused the fire, then it has proven that the drink machine was defective.  (Doc. 41, at p. 24).  Wise, however, is missing an essential link in the liability chain.

To prevail on its strict liability manufacturing defect claim under Arkansas law, Wise must prove:

(1) that Dixie-Narco is engaged in the business of manufacturing . . . or otherwise distributing the beverage vending machine;

(2) that Dixie-Narco supplied the product in a defective condition which rendered it unreasonably dangerous; and

(3) the defective condition was a proximate cause of the harm to Wise's manufacturing plant.

Ark. Code Ann. § 4-86-102(a).

Under Arkansas law, the mere fact of an accident, standing alone, does not establish that a product was defective, nor does the fact that a product was found in a defective condition after the fact. *Williams v. Smart Chevrolet Co.*, 730 S.W.2d 479, 482 (Ark. 1987). In other words, "although Arkansas has adopted strict liability, the doctrine has not changed the burden of proof as to the existence of a flaw or defect in the product. The plaintiff still has the burden of proving that a product was defective and that it caused the plaintiff's injuries." *Nationwide Rentals Co., Inc. v. Carter*, 765 S.W.2d 931, 935 (Ark. 1989). As the Arkansas Supreme Court further elaborated:

> This imposes upon [the plaintiff in a strict liability case] the burden of proving that the product was in a defective condition at the time it left the hands of the particular seller. In the absence of direct proof that the product is defective because of a manufacturing flaw or inadequate design, plaintiff must negate the other possible causes of failure of the product for which the defendant would not be responsible in order to raise a reasonable inference that the dangerous condition existed while the product was still in the control of the defendant. Otherwise, proof of proximate causation would be reduced to rank speculation . . .

*Id.*, 765 S.W.2d at 935-36 (omitting citation and internal quotations).

Wise argues that to satisfy its burden in this circumstantial proof case, it is not required to eliminate all other possibilities for the product failure, but that it is enough for it to establish a preponderance of probability. (Doc. 41, at p. 22, *citing Higgins v. General Motors Corp.*, 699 S.W.2d 741 (Ark. 1985)). This is an accurate statement of the law. However, Plaintiff has failed to establish the proof required to prevail.

Plaintiff has made no effort to negate other possible causes of failure of the product not attributable to the Dixie-Narco.  Rather, Plaintiff asserts that because the machine was "like new" when delivered to the Wise plant, because it had never been repaired or altered prior to the fire, and because transporting the machine was a normal and foreseeable use, that it has satisfied its burden.  The Court disagrees.

This is not the type of case where "common experience teaches" that an accident would not have happened "in the absence of a defect."  *See Crawford v. Sears Roebuck & Co.*, 295 F.3d 884, 886 (applying Arkansas law).[2]  Before permitting such an inference, "a plaintiff must produce evidence that tends to negate other causes of the observed failure."  *Id.*   Wise has failed to produce such evidence.  For example, Wise has failed to provide evidence eliminating other possible causes for the alleged arcing, including ordinary wear and tear or previous misuse of the machine.  One of its experts, Mr. Owens, speculates that the fire could have been caused by a loose connection inside the drink machine, but there is no testimony to support a finding that a connection became loose because of a manufacturing defect.  This machine was in use over five years.  It was transported back and forth throughout Arkansas.  It was installed and used in three different manufacturing facilities.  As Dixie-Narco points out, assuming that a loose connection caused the arcing and the fire, it is just as likely, if not more so, that the connection loosened while the machine was being transported, installed, or while in use.  This failure of proof on Plaintiff's part is fatal to its case.

The evidence before the Court fails to negate "all possibilities sufficiently to remove the asserted issue of liability from the realm of speculation and conjecture so as to entitle [Wise] to

---

[2]  In *Crawford*, the Eighth Circuit affirmed the district court's dismissal of a case in which the plaintiff alleged that the fact that a ladder buckled under a normal load was sufficient to prove that it was defectively designed or that it was sold in a defective condition.

have the question presented to the jury." *Cockman v. Welder's Supply Co.*, 580 S.W.2d 455, 458 (Ark. 1979)(directed verdict affirmed in favor of the dealer of a grinding disc which caused injuries to plaintiff when it disintegrated or exploded, in absence of evidence that disc was defective when sold).

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant Dixie-Narco's Motion for Summary Judgment (Docket No. 29) be, and it is hereby, GRANTED.  Accordingly, it is unnecessary to address Defendant's other motions (Docket Nos. 26, 27, 31 and 32).

Judgment will be entered separately.

IT  IS SO ORDERED this 4th day of January, 2006.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE